GEOFFREY C. CHACKEL, ESQ. (Bar No. 207085)
geoff@chackellaw.com
CHACKEL LAW, PC
11440 W. Bernardo Court, Suite 300
San Diego, CA 92127
TEL: 619.567.2454
FAX: 619.452.1212

Attorney for Plaintiff EDUARDO GODINEZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GODINEZ individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOHSEN TRANSPORTATION, INC., a California corporation; MOHSEN OIL, INC., a California corporation; MOHSEN ARABSHAHI, an individual,<br><br>　　　　　Defendants. | CASE NO. **'20CV109  BEN LL**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 207,** *et seq*;<br>2. **Failure To Pay State Regular And Minimum Wage;**<br>3. **Unlawful Deduction from Wages in Violation of Labor Code § 224;**<br>4. **Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code § 226;**<br>5. **Failure to Pay Wages Timely in Violation of Labor Code §§ 201, 202 and 203;**<br>6. **Failure to Reimburse For Uniforms and Safety Equipment, Labor Code §§ 2802 and 6401;**<br>7. **Violation of Business & Professions Code § 17200, et seq.;**<br>8. **Violation of The Private Attorneys' General Act, Labor Code § 2698, et. seq.;**<br>9. **Failure to Provide Personnel File** |

COMPLAINT

Plaintiff EDUARDO GODINEZ ("Plaintiff") hereby alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this California based collective action under the Fair Labor Standards Act to recover regular, minimum and overtime compensation on behalf of all current and former truck drivers employed by Defendants within the State of California based upon a uniform policy and practice of failing to pay their truck drivers (a) the proper amount of overtime by uniformly failing to include the amount of bonuses into the calculation of the "regular rate of pay," (b) the proper amount of regular pay by uniformly failing to pay their truck drivers for waiting time, and (c) uniformly failing to include waiting time hours into the total number of hours worked in a workweek when calculating time eligible for overtime pay.

2.     Plaintiff brings a California based Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and a Representative Action pursuant to the California Private Attorney General Act ("PAGA"), incorporated in Labor Code sections 2698, 2699 *et seq*., for wage and hour abuses in violation of the California Labor Code and the Industrial Welfare Commission Wage Order 9-2001 (the "IWC Wage Order").

3.     Plaintiff, on behalf of himself and all Class Members, seek damages, penalties, liquidated damages, restitution, injunctive and other equitable relief, reasonable attorneys' fees, and costs.

## VENUE AND JURISDICTION

4.     Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b).

5.     Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this District, Defendants' principal place of business, or

personal residence, is located in this district and because this Court has personal jurisdiction over all Defendants.

## THE PARTIES

7.    Plaintiff EDUARDO GODINEZ ("Plaintiff") is, and at all relevant times alleged herein was, a resident of the State of California, County of San Diego, and employed by Defendants MOHSEN TRANSPORTATION, INC, MOHSEN OIL, INC and MOHSEN ARABSHAHI as alleged herein.

8.    Defendant MOHSEN TRANSPORTATION, INC., ("MTI") is, and at all times alleged herein was, a California corporation with its principal place of business in San Diego County, California. MTI regularly conducts business in San Diego County and employed Plaintiff in San Diego County as further alleged below. MTI also maintains terminals, employs individuals and conducts business in, Las Vegas, Nevada, Phoenix, Arizona and Chicago, Illinois.

9.    Defendant MOHSEN OIL, INC., ("MOI") is, and at all times alleged herein was, a California corporation with its principal place of business in San Diego County, California. MOI regularly conducts business in San Diego County and employed Plaintiff in San Diego County as further alleged below.

10.    Defendant MOHSEN ARABSHAHI is, and at all times alleged herein was, a resident of the State of California, County of San Diego, and the owner, Chief Executive Officer and Chief Financial Officer of Defendants MTI and MOI.

11.    Unless otherwise specified by the name, the named Defendants MOI MTI and ARABSHAHI will be collectively referred to as "Defendants" and/or the "Defendant Employer."

12.    Plaintiff is informed and believes and based thereon allege that at all relevant times, Defendants were each acting as the agent, joint-venturer, an integrated enterprise, and/or alter ego for each other and each were the co-conspirators with respect to the acts and wrongful conduct alleged herein so that each is responsible for the acts of the other.

13.    To the extent that said conduct and/or omissions were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and/or omissions and acted within the course and scope of said agency. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and omissions of each Defendant acting individually, jointly, and severally.

14.    Plaintiff is informed and believes, and based thereon alleges, that each of the named Defendants are part of an integrated enterprise and have acted or currently act as the employer and/or joint employer of the Plaintiff and the Class Members making each of them liable for the wage and hour violations alleged herein.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

15.    Defendants MTI and MOI are gas station and fuel trucking companies. Defendants conduct business operations throughout Southern California.

16.    Defendant ARABSHAHI is the sole owner and operator of MTI and MOI and exercises substantial discretion and control over the terms, conditions and working conditions of Plaintiff including the payment of wages and the conduct alleged herein.,

17.    As part of their business operations, Defendants employ fuel truck drivers to operate solely within California by traveling to a fuel "tank farm" where various types of fuel are warehoused in bulk and then distributed according to daily or weekly orders received from each retail location.

18.    When Plaintiff (and other similarly situated employees) arrives at the tank farm, Plaintiff loads his trucks with the assigned fuel type and then drives to various retail fuel stations in California where the fuel is unloaded. Plaintiff's routes were predetermined by Defendants' dispatcher, who would assign them a daily route each day.

19.    On or about June 21, 2018, Plaintiff Godinez commenced employment with Defendants as a non-exempt truck driver in San Diego County, California.

4

20.    At the time of Plaintiff's hire, he was paid $24 per hour plus a $5,000 sign-on bonus paid in $1,000 increments every 90 days, a "referral bonus" of $2,000 if he referred other drivers, and a "trainers bonus" of $200.  In addition, Defendants agreed to pay overtime to Plaintiff for all hours over 8 hours worked each day.

21.    Plaintiff Godinez regularly worked five days per week from 4:30 p.m. through 4:30 a.m., Tuesday through Saturday. As a result, Plaintiff worked approximately 60 hours each week and was entitled to overtime under the FLSA.

22.    Defendants continue to advertise and promote to prospective employees they will pay various non-discretionary bonuses and will pay overtime to its truck drivers for time worked in excess of 8 hours in a single day.

## GENERAL ALLEGATIONS REGARDING FLSA AND STATE LAW OVERTIME, MINIMUM/REGULAR WAGE VIOLATIONS

23.    Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay for their truck drivers by failing to include various forms of incentive pay (such as bonuses) into the "regular rate of pay" that Defendants paid to Plaintiff and similarly situated employees.

24.    For example, on or about on February 7, 2019, Plaintiff received a $1,000 sign-on bonus and the corresponding pay stub indicated that overtime was only paid for the pay period of January 21, 2019 through February 3, 2019, wherein Plaintiff worked 56 "regular hours" at $24.75 per hour for $1,386.00 in "regular pay" and 19.26 overtime hours at $37.125 per hour for $715.03 in overtime pay. Thus, the overtime rate was arrived at simply by multiplying his straight time hourly wage of $24.75 by 1.5, to arrive at $37.125.

25.    This calculation is incorrect and a violation of the FLSA because Defendant did not factor in the $1,000 bonus earned into the "regular rate of pay" for the 90-day period covered by the bonus.

26.    Had Defendant complied, it would have divided the $1,000 bonus by the total regular hours actually worked over the prior 90-day period, which equates

5

to $2.49 per hour ($1,000 / 402 hours worked) and then multiplied this sum by 1.5 to arrive at an overtime rate on the bonus of $3.73 per hour.

27.    Plaintiff worked 119.09 overtime hours during the prior 90-day period and was entitled to at least $444.21 in *additional* overtime compensation (119.09 x $3.73) for the 90-day period to which this bonus applied. However, Plaintiff received no additional overtime compensation from the bonus in violation of the FLSA.

28.    Defendants also regularly and systematically, as a policy and practice, failed to pay for all hours worked by refusing to pay its truck drivers for time spent waiting at the terminal for their trucks to arrive or be prepared for driving.

29.    For example, Defendants maintained a uniform policy that required Plaintiff and other truck drivers to arrive at work before their shifts began but prohibited them from clocking in upon arrival at work until they were physically sitting in their respective trucks.

30.    While waiting, and before clocking in, Plaintiff and other similarly situated employees were prohibited from leaving the premises because the trucks could arrive (or be ready) at any time and Plaintiff was required to be present, and ready to drive, during the entire waiting time period.

31.    Plaintiff was not compensated (or allowed to clock in) for his waiting time, which resulted in Plaintiff not receiving minimum wage / regular wage for this time worked and also resulted in Plaintiff not being properly compensated for all overtime because the waiting time was never included in the total hours worked.

## **GENERAL ALLEGATIONS REGARDING CALIFORNIA LABOR CODE VIOLATIONS**

### **Labor Code § 226 Violations**

32.    From at least four years before the filing of this action and continuing to the present, and pursuant to Defendants' policy and/or practice and/or direction, Defendants issued inaccurate wage and earning statements to Plaintiff.

33.    For example, in February 2019, Defendants issued Plaintiff Godinez a

paystub that did not accurately state his overtime rate of pay or the total hours worked because it did not reflect the off-the-clock waiting time he incurred.

34.   Similarly, Plaintiff's final paycheck consisted of a handwritten check pre-dated to "June 19, 2019," with no corresponding itemized statement making it impossible to determine the applicable dates of work (or rates of pay) the check represented.

35.   Defendants issued Plaintiff and similarly situated employees wage and earning statements that did not reflect the proper overtime rate of pay or the total hours worked in any given workweek due to the incorrect overtime calculations and the failure to account for waiting time hours incurred by Plaintiff and similarly situated employees.

36.   Based upon the foregoing, Plaintiff seeks the remedies set forth in this Complaint.

**Unreimbursed Work-Related Expense Claims**

37.   During all relevant times alleged herein, and pursuant to Defendants' policy and/or practice and/or direction, Defendants required Plaintiff and other truck driver employees to wear Fire Resistant ("FR") company issued coveralls with a Mohsen logo affixed on the front.

38.   Defendants failed and refused to issue Plaintiff and other employees their FR company uniform which forced them to purchase similarly colored FR clothing for this purpose at their own expense and for which Plaintiff was never reimbursed.

39.   Defendants also required Plaintiff to use various safety equipment as required by OSHA including eye goggles, a hard hat and work gloves but Defendants never provided these items to Plaintiff, which forced him to purchase these items with his own money for which he was never reimbursed.

**Unlawful Deduction From Wages**

40.   During all relevant times alleged herein, and pursuant to Defendants'

7

policy and/or practice and/or direction, Defendants refused to pay Plaintiff all, or a portion, of his respective non-discretionary bonuses to compensate Defendants for routine damage, breakage or loss.  This policy effectively denied Plaintiff his legally due wages and operated as an illegal deduction of wages for employee negligence.

41.    For example, Defendants refused to pay Plaintiff Godinez $2,000 of his $5,000 non-discretionary sign-on bonus because of routine and ordinary damage to Plaintiff's truck or routine and ordinary business loss.

42.    Refusing to pay a non-discretionary bonus because of damage or breakage caused by ordinary negligence or to cover the cost of normal maintenance constitutes an unlawful deduction from wages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

43.    As to penalty claims under PAGA, Plaintiff Godinez has exhausted his administrative remedies by serving via certified mail, return receipt requested, the LWDA and Defendants with notice of their claims for wage and hour violations on August 19, 2019.

44.    The statutory period has expired since Plaintiff sent the correspondence to LWDA and LWDA did not serve Plaintiff with a notice of its intent to assume jurisdiction over the applicable penalty claims and did not provide notice as set forth in Labor Code section 2699.3(a)(2)(A).

45.    Therefore, Plaintiff Godinez has exhausted his administrative remedies as required under the PAGA.

46.    The claims alleged in this Complaint are appropriately suited for a Representative Action under the PAGA because:

  a. The action involves allegations of violations of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commission, boards, agencies or employees;

  b. Plaintiff is an "aggrieved employee" because he was employed by

8

the alleged violators and had one or more of the alleged violations committed against him; and

c. Plaintiff has satisfied the procedural requirements of Labor Code § 2699.3, as set forth above.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

47.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Collective Action pursuant to 29 U.S.C. section 216(b) (the "FLSA Class") and a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Labor Code Class").

48.    Plaintiff seeks to represent the classes and/or subclasses composed of and defined as follows:

a. **FLSA Class:** All current and former nonexempt truck driver employees who worked in the State of California for Defendants from January 16, 2016 to the present.

b. **Labor Code Class:** All current and former nonexempt truck driver employees who worked in the State of California for Defendants from January 16, 2016 to the present.

49.    Plaintiff also seeks to represent the following subclasses under the Labor Code Class composed of and defined as follows:

Unpaid Minimum / Regular Wage Subclass:    All Members of the Plaintiff Labor Code Class who suffered or were permitted to work unpaid "waiting time" for Defendants in California as an hourly nonexempt employee during the applicable limitations period.

Unlawful Deduction Subclass:    All Members of the Labor Code Class who, during the applicable statute of limitations period, had their pay deducted or a non-discretionary bonus forfeited due to breakage, loss or damage to property.

Wage Statement Subclass:    All Members of the Plaintiff Labor Code Class who, during the applicable statute of limitations period, did not receive

9

accurate itemized wage statements as required by Labor Code § 226.

<u>Waiting-Time Penalties Subclass</u>:   All Members of the Plaintiff Labor Code class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-203.

<u>Unreimbursed Expense Subclass:</u>   All Members of the Labor Code Class who, during the applicable limitations period, incurred unreimbursed work-related expenses for FR and Safety equipment.

<u>UCL Subclass</u>:   All Members of the Plaintiff FLSA / Labor Code Class, who, during the relevant period, Defendants owe restitution in the form of (1) unreimbursed expenses and/or (2) wages earned and unpaid because of Defendants' uniform pay policies and procedures.

50.   The above mentioned class-members will collectively be referred to as "Class Members."

51.   Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses limited to particular issues.

52.   <u>Numerosity</u>. The potential members of the FLSA Class and Labor Code Class as defined are so numerous that joinder of all members is impracticable.

53.   Specifically, while the precise number of  non-exempt truck drivers in California has not been determined at this time, Plaintiff is informed and believes, and the total number of current and former employee truck drivers that worked in the State of California within the past four years is at least 350 individuals.

54.   <u>Commonality</u>:   Common questions of law and fact applicable to the Class include, without limitation, the following:

        a.   Whether the Defendants failed to pay the correct amount of overtime by including non-discretionary bonuses in their calculation of the "regular rate of pay;"

        b.   Whether Defendants failed to include all hours worked in their calculation of overtime;

10

c.   Whether Defendants failed to pay minimum/regular wages to Class Members who worked "waiting time";

d.   Whether Defendants failed to reimburse their employees for safety equipment and uniforms within the meaning of Labor Code § 2802;

e.   Whether Defendants' policy and practice of not paying Class Members their wages due in their paychecks is unlawful under Labor Code §§ 201, 202 and/or 203;

f.   Whether Defendants made unlawful deductions from Class Member wages;

g.   Whether Defendants violated Labor Code § 226 by not providing accurate paystubs;

h.   Whether Plaintiff and the Class may recover remedies pursuant to Business & Professions Code §§ 17200, et seq.

55.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class because Plaintiff and all members of the Class sustained injuries and damages arising out of, and caused by, Defendants' common course of conduct and policies in violation of laws and regulations that have the force and effect of law as alleged herein.

56.   <u>Adequacy of Representation</u>.   Plaintiff is a member of the Class and does not have any conflicts of interest with other Class Members. Plaintiff will prosecute the case vigorously on behalf of the Class and will fairly and adequately represent and protect the interests of the Class Members. Counsel representing Plaintiff and the putative Class is competent and experienced in litigating employment class actions and representative actions, including wage and overtime class actions.

57.   This action is brought and may properly be maintained as a Class Action under the provisions of Rule 23 (b) (1) of the Federal Rules of Civil Procedure

because individualized litigation would create a danger of inconsistent or contradictory judgment arising from the same set of facts.

58.    Individual lawsuits would also increase the cost and expense to all parties and the court system from the issues raised by this action including cause undue and increased delays. The damages or other financial detriment suffered by individual class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants.

59.    This action is brought and may properly be maintained as a Class Action under the provisions of Rule 23 (b) (3) of the Federal Rules of Civil Procedure because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to all other available means for the fair and efficient adjudication of this controversy. The adjudication of this action presents no unusual management difficulties.

60.    Unless a class is certified, Defendants will retain wages and other money received as a result of their conduct that was taken from Plaintiff, or not paid to Plaintiff and the putative class members.

## **FIRST CLAIM FOR RELIEF**

**Individual and Collective Claim For Violation of the Fair Labor Standards**

**Act – 29 U.S.C. §§ 207, 216(b)**

**Failure to Pay Overtime Compensation**

**(Against Defendants)**

61.    Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

62.    Plaintiff is a non-exempt "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

63.    Defendants MTI, MOI and ARABSHAHI are each a "person" as that term is defined by 29 U.S.C. § 203(a) and an "employer" as that term is defined by

12

29 U.S.C. § 203(d).

64.    Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in any enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee received compensation for his employment in excess of the hours above specific at a rate not less than one and one-half times the regular rate at which he is employed."

65.    As alleged above, Plaintiff regularly worked in excess of 40 hours per week over the course of his employment with Defendants including waiting time that was not compensated and not properly included as "hours worked" when calculating overtime.

66.    Pursuant to 29 U.S.C. § 207, Defendants were required to pay Plaintiff overtime compensation in the amount of one and one-half times the regular rate at which he is employed for every hour in excess of forty hours in any workweek in an amount to be proven at trial.

67.    The "regular rate" must include Plaintiff's standard hourly rate plus the amount of any non-discretionary bonuses.

68.    As alleged above, Plaintiff did not receive overtime compensation for his services at the "regular rate" because Defendant did not factor in the amounts of non-discretionary bonuses paid to him during the workweeks he earned overtime.

69.    In addition, Plaintiff did not receive the proper amount of overtime because his waiting time was not compensated and not factored in as "hours worked" for purposes of overtime compensation.

70.    Defendants willfully violated these provisions when they failed to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek and, accordingly, is liable for civil penalties as allowed by the FLSA.

71.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to damages in the form of unpaid wages and an equal amount of liquidated damages in addition to reasonable attorneys' fees and costs, each in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**Individual and Class Claim For Failure To Pay Minimum / Regular Wages**

**California Labor Code §§ 1194, 1197 and the Applicable Industrial Welfare**

**Commission ("IWC") Wage Order**

**(Against Defendants)**

72.     Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

73.     Plaintiff is a non-exempt employee and California resident that performed services in California at the direction and benefit of Defendants.

74.     Defendants MTI and MOI are each an "employer" as that term is defined by IWC Wage Order No. 9-2001 § 2(F) and a "person" as that term is defined by California Labor Code § 18.

75.     Defendant Mohsen is an "employer" as that term is defined by IWC Wage Order No. 9-2001 § 2(F) and a "person" as that term is defined by California Labor Code § 18.

76.     As alleged above, Plaintiff received no compensation for waiting time between when he arrived at the designated work terminal and when he began work when the truck was physically present or available and was not allowed to move freely or otherwise leave the premises while waiting.

77.     California Labor Code § 1197 states, "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

78.     California Labor Code § 1198 states, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any

14

employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

79.     Labor Code § 1198 makes employment of any employee under conditions of labor prohibited by a Wage Order unlawful.

80.     IWC Wage Order No. 9-2001 § 4(A)(2)(b) states that "every employer shall pay to each employee wages not less than the following:" "Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2018."

81.     As alleged above, Defendants violated Labor Code §§ 1197 and 1198 and the applicable Wage Order when they failed to pay Plaintiff the minimum wage for all hours worked while in California.

82.     California Labor Code § 1194 states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

83.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendants' minimum wage violations including interest thereon, reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1194, penalties pursuant to Labor Code section 1197.1, and liquidated damages pursuant to Labor Code section 1194.2 to the fullest extent permissible under the law.

### THIRD CLAIM FOR RELIEF

**Individual and Class Claims For Unlawful Deduction from Wages**

**California Labor Code § 224**

**(Against Defendants MOI and MTI)**

84.     Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

15

85.     Labor Code section 224 provides it is an unlawful employment practice to deduct items from wages unless expressly authorized by statute or agreed to in writing with the employee. Deducting the amount of damage caused to company property by ordinary employee negligence is a violation of Labor Code section 224.

86.     As alleged above, Defendants violated Labor Code section 224 when they unlawfully deducted $2,000 from Plaintiff's "sign-on bonus" for ordinary negligence when that sign-on bonus was earned and vested upon Plaintiff's agreement to work for Defendants, i.e., the act of "signing on."

87.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to damages, statutory penalties, costs and attorneys' fees including waiting time penalties.

## **FOURTH CLAIM FOR RELIEF**

**Individual and Class Claims For Failure to Provide Accurate Itemized Wage Statements – Labor Code § 226**

**(Against Defendants MOI and MTI)**

88.     Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

89.     Labor Code section 226, subdivision (a) requires, in pertinent part, that "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employee, either as a detachable part of the check, draft, or voucher paying employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), . . . (5) the net wages earned, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

90.     During all times relevant to this action, Plaintiff received wage statements that failed to comply with Labor Code section 226 (a), (1), (2) and (9) as alleged above by either not including and/or not accurately including the proper gross

16

wages earned, the total hours worked, the proper net wages earned, and the applicable hourly rates in effect during the pay period.

91.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury as defined by Labor Code section 226(e)(1) and (2) and is entitled to damages, penalties, costs and attorneys' fees pursuant to Labor Code sections 226, subdivision (e).

**FIFTH CLAIM FOR RELIEF**

**Individual and Class Claims for Failure to Timely Pay Wages**

**Labor Code §§ 201, 202 and 203**

**(Against Defendants)**

92.   Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

93.   Labor Code section 201 requires that all wages due and owing an employee must be paid at the time of termination.

94.   Labor Code section 202 requires that all wages due and owing an employee must be paid within 72 hours of an employee's resignation.

95.   Labor Code § 203 provides "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [and] 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

96.   Plaintiff was terminated from his employment on July 5, 2019. Plaintiff was not paid all wages due and owing to him at the time of discharge as required by Labor Code section 201 despite Plaintiff being owed compensation at the time of his termination in the form of unpaid "sign-on bonus," unpaid overtime compensation, unreimbursed expenses and unpaid waiting time.

97.   Defendants have willfully failed and refused to pay Plaintiff's wages for

all time suffered or permitted to work at the time of his termination.

98.     Plaintiff seeks to recover waiting-time penalties in an amount pursuant to statute and to be proven at trial but in no event less than 30 days of wages at Plaintiff's regular rate of pay.

99.     Plaintiff also seeks to recover from Defendants attorneys' fees, and costs as provided for in Labor Code section 218.5 and for the recovery of interest pursuant to Labor Code section 218.6 in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

**Individual and Class Claims for Failure to Reimburse and Pay For Uniforms and Safety Equipment – California Labor Code §§ 2802 and 6401**

**(Against Defendants MOI and MTI)**

100.    Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

101.    Labor Code section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

102.    Labor Code section 6401 provides that "[e]very employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful."

103.    As alleged above, Defendants violated Labor Code sections 2802 and 6401 by failing to provide an FR uniform or related safety devices including FR clothing, goggles, a hard hat and gloves to Plaintiff and then failing and refusing to reimburse Plaintiff when he was forced to purchase these items using his own money.

104.    As a direct result of Defendants' conduct, Plaintiff has been damaged in an amount to be established at trial sufficient to recover his expenses plus statutory penalties and attorneys' fees and costs.

**<u>SEVENTH CLAIM FOR RELIEF</u>**

**Violation of the Unfair Competition Law**

**California Business & Professions Code § 17200, et. seq.**

**(Against Defendants)**

105.   Plaintiff re-alleges and incorporates by reference the allegations of each of the preceding paragraphs as if fully set forth herein.

106.   As outlined above, California has an important public policy of protecting the welfare of employees from unlawful wage and hour practices including the prompt and accurate payment of wages for all hours worked, for overtime compensation and the reimbursement of certain expenses, among others.

107.   A violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.,* may be predicated on the violation of any state or federal law. Defendants' activities, as set forth more fully above, are violations of California law, and constitute unlawful, unfair and fraudulent business acts and practices in violation of the UCL.

108.   As alleged above, Defendants have engaged in a course of conduct that deprived Plaintiff the payment of wages and violated various prohibitions contained in the California Labor Code.

109.   Pursuant to the UCL, Plaintiff is entitled to injunctive relief in the form of an accounting for, and restitution of, the monies unlawfully withheld and retained by Defendants. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws.

**<u>EIGHTH CLAIM FOR RELIEF</u>**

**Representative Claim Under Private Attorneys General Act**

**California Labor Code § 2698, *et. seq.***

**(Against Defendants)**

110.   Plaintiff re-alleges and incorporates by reference the allegations of each

19

of the preceding paragraphs as if fully set forth herein.

111.   Plaintiff is an "aggrieved employee" because he was employed by Defendants and had the alleged violations committed against him, and therefore is properly suited to represent the interest of other current and former aggrieved employees.   Plaintiff and the aggrieved employees are/were "non-exempt" truck driver employees of Defendants in the State of California within the meaning of the Labor Code and the applicable Wage Order.

112.   Plaintiff seeks to recover PAGA civil penalties through a representative action due to him and other aggrieved employees.

113.   Through Defendants' conduct during the applicable statutory period including the conduct alleged herein, Defendants violated the California Labor Code and the IWC Wage Order when they failed to pay Plaintiff minimum wage for all hours worked, failed to pay all wages due and owing at the time of termination, failed to provide accurate itemized wage statements, made unlawful deductions from wages, and failed to provide uniforms and personal safety equipment all as alleged above.

114.   As a result of the foregoing, Plaintiff seeks to recover PAGA penalties for violations of the following Labor Code provisions:

   a. The failure to pay minimum wage or regular wage for all hours worked, including for waiting time, in violation of Labor Code sections 1194 and 1197 and the applicable IWC Wage Order;

   b. Failure to provide prompt payment of wages to employees upon termination and resignation in violation of Labor Code sections 201, 202 and 203;

   c. Failure to provide accurate itemized wage statements to employees in violation of Labor Code section 226;

   d. The unlawful deduction from wages in violation of Labor Code section 224 and Section 8 of IWC Wage Order 9-2001;

     e.  The failure to maintain accurate records in violation of Labor Code sections 1174, 1174.5, 1198 and the IWC Wage Order;

     f.  The failure to provide uniforms and personal safety equipment and the failure to reimburse for the same in violation of Labor Code sections 2802 and 6401 and IWC Wage Order 9-2001;

115.  Labor Code section 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid.

116.  With respect to violations of Labor Code Labor Code section 203, Plaintiff seeks recovery of waiting-time penalties up to 30 days' wages for themselves and each aggrieved employee.

117.  In addition, Plaintiff seeks to recover penalties pursuant to Labor Code section 2699 *et seq*., which imposes upon Defendants, and each of them, penalties of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided, including but not limited to, Labor Code sections 201, 202, 203, and 226(a).

118.  Pursuant to Labor Code section 2698, et seq., Plaintiff seeks to recover reasonable attorney's fees, costs, and civil penalties on behalf of himself and other current and former aggrieved employees as alleged herein.

## NINTH CLAIM FOR RELIEF

**Individual Claim For Failure to Provide Personnel File and Payroll Records**

**Labor Code §§ 1198.5 and 226(c)**

**(Against Defendants MTI and MOI)**

119.  Plaintiff re-alleges and incorporates by reference the allegations of each

21

of the preceding paragraphs as if fully set forth herein.

120.   Labor Code section 1198.5, subdivision (a) states, in pertinent part, that "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

121.   Labor Code section 1198.5, subdivision (b) requires an employer to provide the contents of these personnel records for inspection not later than 30 calendar days from the date the employer receives a written request.

122.   Labor Code section 226, subdivision (b), requires an employer to afford current or former employees the right to inspect payroll records, including the itemized statements required to be maintained by Labor Code section 226, subdivision (a).

123.   Labor Code section 226, subdivision (c), requires an employer who receives a written request from a current or former employee to inspect or receive a copy of her payroll records to provide that information to the employee within 21-days of receiving the request.

124.   On November 5, 2019, Plaintiff Godinez made a written request to Defendants MOI and MTI to inspect a copy of his personnel file and related pay records pursuant to Labor Code sections 1198.5 and 226(b).

125.   On December 18, 2019, Plaintiff made a second request for his files.

126.   To date, Defendants have failed and refused to comply and have not provided those records to Plaintiff within the time required by law.

127.   Labor Code section 1198.5, subdivision (k) provides for the payment of a $750 penalty to Plaintiff if Defendants failed to permit him to inspect or copy personnel records within 30 days. Plaintiff requests payment of this penalty as a result of Defendants' failure and refusal to comply with the statute.

128.   Pursuant to Labor Code section 1198.5, subdivision (l), Plaintiff seeks

injunctive relief against Defendants to obtain compliance with this statute by ordering Defendants to provide the requested records.

129.  Plaintiff also seeks recovery of attorneys' fees and costs as allowed pursuant to Labor Code section 1198.5, subdivision (l).

130.  Labor Code section 226, subdivision (f), provides for the payment of a $750 penalty to Plaintiff if Defendants fails to provide a copy of his payroll records within 21 days as required by Labor Code section 226, subdivision (c). Plaintiff requests payment of this penalty as a result of Defendants' failure and refusal to comply with the statute.

131.  Pursuant to Labor Code section 226, subdivision (h), Plaintiff also seeks injunctive relief requiring Defendants to provide the requested payroll records. Plaintiff also seeks recovery of attorneys' fees and costs as allowed pursuant to Labor Code section 226, subdivision (h).

WHEREFORE, PLAINTIFF, on behalf of himself and the putative class members, pray for the following relief:

1.    For an order that this action may proceed and be maintained as a class action;

2.    For appointment of the Plaintiff GODINEZ as the representative of the FLSA Class and Labor Code Class;

3.    For appointment of counsel for Plaintiff as Class Counsel;

4.    That Defendants be found liable to Plaintiff and the FLSA Class and the Labor Code Class;

5.    That Defendants, and each of them, be required to issue to Plaintiff and/or the Class and/or represented employees accurate wage and earning statements;

6.    For damages in the form of unpaid wages, including overtime wages, minimum/regular wage, and for liquidated damages, interest and any other monetary penalty or remedy allowed by law;

7.    For disgorgement through restitution of all ill-gotten profits, including

23

unpaid wages and/or penalties to Plaintiff and/or the Class and/or represented employees, resulting from Defendants' unfair business practices pursuant to Business & Professions Code sections 17200, et. seq.;

8.    For all remedies available to Plaintiff under applicable provisions of the Labor Code via PAGA Labor Code section 2698, et. seq., including an award of attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting-time penalties according to proof to the extent permitted by law;

9.    For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint;

10.    For Labor Code section 203 waiting time penalties in an amount to be proven at trial;

11.    For special and general damages;

12.    That Plaintiff and/or the Class and/or Represented Employees be awarded reasonable attorneys' fees and costs of suit where available by law, including but not limited to pursuant to Labor Code section 2698, *et. seq.,* California Code of Civil Procedure section 1021.5, Labor Code sections 218.5, 1194 and/or other applicable laws;

13.    For lost wages on each cause of action for which such damages are available in an amount to be proven at trial;

14.    For an order of this Court requiring Defendants to provide him with his personnel file and payroll records and a penalty in the amount of $1,500 for the failure to provide both to Plaintiff Godinez;

15.    For declaratory, equitable and injunctive relief as appropriate;

16.    For prejudgment interest and post-judgment interest according to law;

///

///

///

///

COMPLAINT

1    17.    For such other and further relief as the Court deems proper and just.

2

3

4    DATED:  January 14, 2020.            CHACKEL LAW, PC

5

6                                        By: /s/ Geoffrey C. Chackel
                                         GEOFFREY C. CHACKEL
7                                        Attorney for Plaintiff

8

9

10                          **DEMAND FOR JURY TRIAL**

11        Plaintiff hereby demands a jury trial for this matter.

12

13    DATED:  January 14, 2020.            CHACKEL LAW, PC

14

15                                        By: /s/ Geoffrey C Chackel
                                         GEOFFREY C. CHACKEL
16                                        Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT